UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BOBBY KEYS,

        Petitioner,

v.                                                        Case No. 5:19-cv-201-BJD-PRL

WARDEN, FCC COLEMAN,

        Respondent.
_____

## ORDER

### I. Status

Petitioner, Bobby Keys, is proceeding pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1; Petition). Petitioner contends the Federal Bureau of Prisons (BOP) miscalculated his term of imprisonment by running his two federal sentences consecutively rather than concurrently. See Petition at 2, 11. Petitioner also asserts the 2011 warrant revoking his supervised release was "void" because his term of supervised release "had expired prior to the issuance of the revocation warrant." Id. at 18, 20.

In response (Doc. 8; Resp.), Respondent maintains the BOP correctly calculated Petitioner's sentence under 18 U.S.C. § 3585 ("[c]alculation of a term of imprisonment") because the sentencing court did not say whether either sentence should run consecutively or concurrently with any other. See Resp. at

3-4. Respondent offers the following documentation in opposition to Petitioner's claims: BOP sentence computation records; the declaration of a BOP Correctional Programs Specialist; docket entries from the sentencing court; and excerpts of sentencing guidelines and BOP program statement, sentence computation manual (Doc. 8-1; Resp. Ex.).

In his reply (Doc. 10; Reply), Petitioner argues 18 U.S.C. § 3585 violates the due process clause to the extent it permits the BOP to execute a prisoner's multiple sentences consecutively when the respective judgments are silent in that regard; the sentencing court "failed to carry out its statutory obligation" by failing to specify whether his sentences were to run concurrently; and his term of supervised release had expired before the revocation arrest warrant issued or, alternatively, his arrest on September 14, 2011, did not toll "the running of his supervised release term because of the statutory 30 day rule under 18 U.S.C. § 3624(e)." See Reply at 1, 4, 8.

Petitioner recently filed a motion for entry of a preliminary injunction (Doc. 22; Motion), arguing that were the Court to grant his petition, he "would be immediate[ly] eligible . . . for a less restrictive placement of imprisonment" under a pre-release program. See Motion at 6. In his motion, Petitioner asserts the conviction on the revocation of his supervised release was unlawful because

under 18 U.S.C. § 3624(e), his temporary detention on new charges did not toll the running of the supervised release term. Id. at 2-3.

## II. Procedural Background

Petitioner is serving sentences imposed by the United States District Court for the Southern District of Mississippi. See Def. Ex. at 18, 24. On October 26, 2011, the Southern District of Mississippi revoked Petitioner's supervised release because he committed mail fraud.[1] Id. at 14, 18. Petitioner pled guilty to the revocation charge and was sentenced to serve 22 months in the custody of the BOP. Id. at 14-15. Petitioner committed the mail fraud offense on January 6, 2011, and was arrested on September 14, 2011. His term of supervised release expired on September 29, 2011. Id. at 8, 12, 14. On June 5, 2012, the Southern District of Mississippi sentenced him to serve 150 months in the custody of the BOP. Id. at 20-21, 23. Neither judgment addressed whether the two sentences should be run concurrently or consecutively. Id. at 14-15, 20-21.

Petitioner appealed the judgment revoking his supervised release term, arguing the district court erred in sentencing him. See United States v. Keys,

---

[1] As explained by the sentencing court, Petitioner was serving a three-year term of supervised release on two separate criminal convictions. See Order (Doc. 79 at 3 n.2), Case No. 1:06CR111-LG-JMR (S.D. Miss.). See also Def. Ex. at 12.

281 F. App'x 411, 413 (5th Cir. 2008). The appellate court affirmed the district court's sentence. Id.

### III. Analysis

Petitioner's claim that the BOP miscalculated his term of imprisonment is cognizable under § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). However, Petitioner's assertion that the BOP improperly calculated his sentences to run consecutively is without merit. The United States Code expressly provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The district court's judgments were silent with respect to whether Petitioner's sentences were to run consecutively or concurrently, a fact Petitioner readily acknowledges. See Petition at 11, 17, 25. As such, the BOP was permitted to run them consecutively. In fact, multiple terms of imprisonment imposed at different times are presumed to run consecutively unless the sentencing court says otherwise. See 18 U.S.C. § 3584(a).

Not only does the relevant statute evince a presumption that Petitioner's sentences should run consecutively under the circumstances, the United States Sentencing Guidelines (USSG) evince such a preference as well: "Any term of imprisonment imposed upon the revocation of probation or supervised release

shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." See USSG § 7B1.3(f). This is because "[t]he Sentencing Guidelines take a dim view of crimes committed while in custody for another offense and direct a separate sentence to punish the additional crime." United States v. Ballard, 6 F.3d 1502, 1506 (11th Cir. 1993).

Petitioner's suggestion that § 3585 of the United States Code violates a prisoner's due process rights is unavailing. The Supreme Court has held the BOP is responsible for administering a federal inmate's sentence. See United States v. Wilson, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). And the Eleventh Circuit has noted, "[I]t is well established that consecutive sentences are legal." Ballard, 6 F.3d at 1506.

Petitioner's primary argument—that the Southern District of Mississippi was without jurisdiction to revoke his supervised release term because it had expired before he was arrested on that charge—is not cognizable under § 2241. Rather, a collateral attack on a judgment or sentence must be brought under § 2255. See 28 U.S.C. § 2255(a) ("A prisoner … claiming the

right to be released upon the ground that … the court was without jurisdiction to impose [the] sentence … or [the sentence] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.") Notably, Petitioner already raised this claim in his motion to vacate under § 2255, and the sentencing court found it meritless. See Case No. 1:06cr111-LG-JMR-1.[2]

Moreover, Petitioner's assertion that the sentencing court "failed to carry out its statutory obligation" to clarify whether his sentences were to run concurrently or consecutively, see Reply at 9, is a challenge to the validity of his sentence, which should be raised in a motion to vacate under § 2255, not in a § 2241 proceeding.

---

[2] In his motion to vacate under § 2255, Petitioner also raised as a ground for relief that the BOP incorrectly calculated his sentences to run consecutively. See Case No. 1:06cr111-LG-JMR (Doc. 75). Noting that Petitioner had "mixe[d] a claim regarding the validity of his sentence with a claim regarding the [BOP's] computation of his sentence," the sentencing court informed Petitioner such a claim should be brought in a § 2241 proceeding. Id. (Doc. 75 at 1). The court explained in a separate order, however, that Petitioner's claim was without merit because his term of supervised release expired on September 29, 2011, after he committed the offense that violated the terms of his supervised release. Id. (Doc. 79 at 3). The court concluded, "[Petitioner] is incorrect that the Court did not have jurisdiction to revoke his supervised release on October 26, 2011." Id. Petitioner filed a successive § 2255 motion, asserting the argument he raises in his reply and motion for injunctive relief in this Court—that his term of supervised release was not tolled while he was being detained on the mail fraud charge. See id. (Doc. 82). The sentencing court dismissed Petitioner's motion for lack of jurisdiction because he had not received permission from the circuit court to file a second or successive motion to vacate his sentence. Id.

Accordingly, it is now

**ORDERED:**

1. The Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. Petitioner's motion for injunctive relief (Doc. 22) is **DENIED**.

3. This action is **DISMISSED WITH PREJUDICE**.

4. The **Clerk** shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of May 2021.

                                BRIAN J. DAVIS
                             United States District Judge

Jax-6
c:
Bobby Keys
Counsel of Record